UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. MOUHOURTIS, ON
BEHALF OF HIMSELF AND
OTHERS SIMILARLY SITUATED,

    Plaintiff,

vs.                                                   Case No.: 8:08-cv-01872-T-17-TGW

AGR GROUP, LLC, A FLORIDA
CORPORATION AND HERB
ZERDEN, INDIVIDUALLY,

    Defendants.

_____/

## ORDER ON MOTIONS

THIS CAUSE is before the Court on Defendants', AGR Group, LLC, a Florida Corporation and Herb Zerden, Motion to Dismiss Amended Complaint or, in the alternative, Motion for Summary Judgment (Dkt. 11) and Plaintiff's Opposition to Defendants' Motion to Dismiss Amended Complaint or, in the alternative, Motion for Summary Judgment (Dkt. 12).

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed a two-count complaint on September 19, 2008. (Dkt. 1). Count I alleges that AGR Group, LLC. (AGR) and Herb Zerden were the employers of the Plaintiff in accordance with the Fair Labor Standards Act (FLSA). 29 U.S.C. 203(d). Plaintiff asserts that Herb Zerden owned and operated AGR; exercised regular authority to hire and fire employees of AGR; created the work schedules for AGR employees;

controlled the financial operations of AGR; and thus, as defined by the FLSA is an employer. *Id.* Defendants were an enterprise covered by the FLSA at all material times relevant to this action and as defined by 29 U.S.C. 203(r) and 203(s). While employed by defendant, Plaintiff engaged in interstate commerce. Plaintiff further asserts that he was an hourly-paid employee performing related activities for the Defendants and that Defendants agreed to pay Plaintiff wages for such work performed. Plaintiff accepted this agreement and performed work for the Defendants. Plaintiff's complaint additionally alleges that Defendants failed to make proper provisions to compensate Plaintiff, and those similarly situated to him, for hours worked in excess of forty (40) during a work week. In addition, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate for those hours worked in excess of forty (40) per work week. Count I finally alleges that the applicable records regarding Plaintiff's hours worked are in the possession and custody of the Defendants. Plaintiff's complaint requests damages suffered as a result of Defendants' willful, intentional, and unlawful acts; attorneys' fees and costs; and liquidated damages as a result of Defendants' willful violation of the FLSA.

Count II alleges retaliation by Defendants as a result of filing this lawsuit. (Dkt. 4). Plaintiff alleges harassment and an effort made by Defendants to coerce him to drop this lawsuit, adversely effecting Plaintiff's employment. Plaintiff claims he has been demoted because he filed this lawsuit against Defendants. Plaintiff alleges discrimination and retaliation by Defendants in violation of 29 U.S.C. 215(a)(3). Plaintiff recognizes damages as a proximate result of Defendants' unlawful conduct.

## STANDARD OF REVIEW

Any defendant to a complaint may move to dismiss under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." See Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief. Am. Ass'n of People with Disabilities v. Smith, 227 F.Supp.2d 1276, 1280 (M.D. Fla. 2002). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). While a court is authorized to dismiss a complaint on the basis of a dispositive issue of law, a complaint should not be dismissed unless it appears beyond all doubt that the plaintiff can prove no set of facts that would entitle him to relief. Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1539 (11th Cir. 1991). A trial court is required to view the complaint in the light most favorable to the plaintiff. Illinois, ex rel. Madigan v. Telemarketing Associates, Inc., 538 U.S. 600, 618 (2003). At this stage of litigation, a court must accept the plaintiff's allegations as true and dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id.

Any party to a lawsuit may move for summary judgment pursuant to Rule 56. See Fed. R. Civ. P. 56. A Motion for Summary Judgment shall only be granted if "there is no genuine issue of material fact," and "the moving party is entitled to judgment as a matter

of law." See Fed. R. Civ. P. 56. The moving party bears the initial burden of satisfying this standard. Fed. R. Civ. P. 56(e). The movant may use affidavits and discovery to show an absence of evidentiary support for a required element in Plaintiff's cause of action. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to establish a genuine issue of material fact. Id.at 321. The non-moving party must go beyond the pleadings, relying on only facts "admissible in evidence" in order to meet the burden. Fed. R. Civ. P. 56(e).

## DISCUSSION

Defendants, AGR and Herb Zerden, seek to dismiss Plaintiff's Complaint and Amended Complaint, in their entirety, on the basis on Defendants' claim that Plaintiff was never an employee of the Defendants and, thus, his Complaint fails to state a cause of action upon which relief can be granted. (Dkt. 11). Defendants also claim, in the alternative, that the Court should grant Summary Judgment in favor of Defendants and against Plaintiff based on the same claim. (Dkt. 11). Defendants claim no liability for the acts alleged by Plaintiff. (Dkt. 11).

In their Motion for Dismissal and, in the alternative, for Summary Judgment, Defendants assert that, at all material times to this action, Plaintiff was an employee of Utilities Marketing Group, LLC, and he has never been an employee of Defendants. Defendants allege that all the allegations in the Complaint and Amended Complaint rely on an erroneous underlying premise that Defendants employed Plaintiff and those similarly situated, thus failing to state a cause of action upon which relief can be granted and, as a matter of law, no liability can be imposed on Defendants under the FLSA.

Plaintiff's Response to Defendants' Motions for Dismissal or, in the alternative, Summary Judgment asserts that his allegations were sufficient for an action for unpaid overtime compensation, declaratory relief, and other relief under the FLSA to satisfy Rule 8. Fed. R. Civ. P. 8. Rule 8 requires that the Plaintiff plead a short plain statement of the claim showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Plaintiff is not required to plead facts supporting each and every element of his cause of action. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Plaintiff further asserts that it would be premature at this stage in the litigation to dismiss any of the Defendants because the Court cannot adequately determine whether the relationship between the Defendants and the Plaintiff was that of an employer-employee relationship.

Plaintiff's Complaint alleges that Defendants are liable as employers, under FLSA, for not paying Plaintiff, and those similarly situated, time and one-half their regular rate for all hours worked in excess of forty (40) per week. (Dkt. 4).

The Court is obliged under case law, at this stage in the litigation, to accept all facts alleged by Plaintiff, in his Complaint, as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The Court will not make a factual determination as to the Plaintiff's status as an employee of the Defendants. The Court warns the Plaintiff to proceed in good faith and to promptly discover the correct employer and, if his Amended Complaint is incorrect, to correct it. If Plaintiff fails to proceed in good faith in determining the proper employer he could be subject to future sanctions by the Court.

At this stage in the litigation, Summary Judgment is premature. The parties have not yet conducted discovery. Summary Judgment is available to the parties only after

proper discovery has been conducted. Fed. R. Civ. P. 56(c). The Court suggests the parties participate in immediate discovery to clear this issue up for all parties involved in the lawsuit.

## Conclusion

Counts I and II of Plaintiff's complaint properly make claims for relief under applicable federal law. The representations made by the Defendants' Motion to Dismiss and, in the alternative for Summary Judgment (Dkt. 4) are insufficient to overcome the presumptions enjoyed by the Plaintiffs at this stage of the proceedings. Accordingly, it is

**ORDERED** that AGR and Herb Zerden's Motion to Dismiss Complaint and, in the alternative for Summary Judgment (Dkt. 4) be **DENIED**. The Defendants have ten (10) days from this date to answer the complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 12th day of February, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All parties and counsel of record