UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. MOUHOURTIS, on behalf
of himself and others similarly situated,

    Plaintiffs,

v.                                     CASE NO. 8:08-cv-1872-T17-TGW

AGR Group, LLC, a Florida corporation
and Herb Zerden, individually,

    Defendants.
_____/

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants, AGR Group, LLC a Florida corporation and Herb Zerden, individually. ("Defendants"), by and through the undersigned counsel, file their Answer with Affirmative Defenses to Plaintiff's Amended Complaint and state as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Admit that this action is brought by Plaintiff pursuant to the FLSA. The remaining allegations are denied.

6. Admit for jurisdictional purposes only.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## COUNT I- RECOVERY OF OVERTIME COMPENSATION

13. Defendants restate their answers to paragraphs 1-12, inclusive, as if fully set forth herein.

14. Denied.

15. Denied.

16. Denied.

17. Defendants also demand a trial by jury.

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff and for all other relief, including fees and costs, as this Court deems just.

## COUNT II- RETALIATION

18. Defendants restate their answers to paragraphs 1-12, inclusive, as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendants also demand a trial by jury.

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff and for all other relief, including fees and costs, as this Court deems just.

### First Affirmative Defense

Plaintiff's Complaint and each claim therein fails to state a claim against Defendants upon which relief can be granted. In particular, Plaintiff has never been an employee of the named corporate entity.

### Second Affirmative Defense

Plaintiff's Complaint and each claim therein fails to state a claim against Defendants upon which relief can be granted. In particular, Plaintiff has failed to state any claim for a willful violation of the FLSA.

### Third Affirmative Defense

Defendants' actions were in good faith in conformity with and in reliance on administrative regulations issued by the Department of Labor.

### Fourth Affirmative Defense

If any violation of the FLSA is found, the Court should not award liquidated damages, in that any act or omission giving rise to any such violation was in good faith, the Defendants having had reasonable grounds for believing that any such act or omission was not a violation of the FLSA. Thus, the Court, in its sound discretion should award no liquidated damages.

### Fifth Affirmative Defense

This action is barred with respect to any hours worked by Plaintiff prior to September 19, 2006 by the two year statute of limitations of 29 U.S.C. §255(a), in that any violation found herein was not a willful violation of the FLSA.

### Sixth Affirmative Defense

Plaintiff was compensated in accordance with law for all compensable hours worked. Hence, Plaintiff's claims are barred because Plaintiff has received all compensation to which he was entitled under the FLSA and otherwise.

### Seventh Affirmative Defense

Plaintiff was not entitled to overtime of one and a half times his hourly rate of pay. He was paid for his work in conformance with the Fair Labor Standards Act.

### Eighth Affirmative Defense

Defendants are exempt from the requirement of paying Plaintiff overtime compensation because Plaintiff meets the criteria for exemption pursuant to the pursuant to the FLSA and its implementing regulations.

### Ninth Affirmative Defense

Plaintiff has failed to mitigate his damages as required by law.

### Tenth Affirmative Defense

During his employment, Plaintiff never raised the matter of hours allegedly worked in excess of 40 in a workweek or of statutory overtime compensation with Defendants. Thus, Plaintiff is estopped to claim that he at any time during his employment was employed for more than 40 hours in any workweek without being paid overtime compensation in compliance with the FLSA.

### Eleventh Affirmative Defense

Defendants assert that the Plaintiff has failed to set forth a reasonable basis cognizable under applicable law for his claim that others are "similarly situated" for purposes of this action and, therefore, a collective action is not appropriate.

### Twelfth Affirmative Defense

Plaintiff has unclean hands which bars any and all recovery from Defendants.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer or to amend or add further affirmative defenses that may become known after the filing of this pleading.

It has become necessary for Defendants to retain the undersigned attorneys to defend it in this action. Defendants have agreed to pay the undersigned attorneys a reasonable fee for their services. Defendants are entitled to a reasonable attorney's fee award pursuant to 29 U.S.C. §201 et seq. if it prevails in this action.

WHEREFORE, Defendants respectfully submit that this action should be dismissed, and that it should be awarded all taxable costs and attorney's fees to the extent allowed by law.

## JURY DEMAND

Plaintiff has demanded a trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing as been electronically filed and served via CM/ECF on Nanette Piccolo, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, Orlando, FL 32802-4979, as well as any other attorney of record who is registered in this case this 17th t day of February, 2009.

Respectfully,

/s Colleen M. Flynn
Colleen M. Flynn
FBN 190470
E-Mail: ColleenF@jpfirm.com
JOHNSON, POPE, BOKOR, RUPPEL &
BURNS, L.L.P.
911 Chestnut Street
Clearwater, FL 33756-5643
Telephone: (727) 461-1818
Telefax: (727) 441-8617
Counsel for Defendants

480141